# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00195-CV

The State of Texas, Appellant

v.

Life Partners Holdings, Inc.; Life Partners, Inc.; Brian D. Pardo; R. Scott Peden;
Advance Trust & Life Escrow Services, LTA; Purchase Escrow Services, LLC;
Pardo Family Holdings, Ltd.; Dr. Donald T. Cassidy; and
American Stock Transfer & Trust Company, Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. D-1-GV-12-001128, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The State of Texas filed suit against Life Partners Holdings, Inc.; Life Partners, Inc.;

Brian D. Pardo; and R. Scott Peden (cumulatively Life Partners) for allegedly engaging in fraudulent

activities in connection with the sale of securities. The State also asserted that the following people

had possession of money or assets belonging to Life Partners: Advance Trust & Life Escrow Services,

LTA; Purchase Escrow Services, LLC; Pardo Family Holdings, Ltd.; Dr. Donald T. Cassidy; and

American Stock Transfer & Trust Company.[1] In its suit, the State sought, among other things,

---

[1] Advance Trust & Life Escrow Services, LTA, and Purchase Escrow Services, LLC filed a brief in this matter. In their brief, they explain that they were added to the lawsuit as relief defendants. *SEC v. George*, 426 F.3d 786, 798 (6th Cir. 2005) (stating that relief defendant may be added to case for purpose of aiding recovery of relief but has no ownership interest in property that is subject of litigation). Further, they state that there was no evidence or finding that either of them "held or retained" any property of Life Partners. Accordingly, they contend that they are not proper parties to the suit and that the district court's judgment should be affirmed in their favor. Those assertions are better suited for the district court's consideration on remand pursuant to this opinion.

injunctive relief against Life Partners. The district court denied the relief requested by the State, and in its judgment, the district court determined that the State "failed to establish that the transactions at issue are securities under" the Texas Securities Act. The State appeals the district court's judgment.

On appeal, the State argues that the products sold are securities under the Securities Act because they are investment contracts, notes, bonds, or other evidence of indebtedness. *See* Tex. Rev. Civ. Stat. art. 581-4(A) (defining "security"). In supporting the district court's judgment, Life Partners contends that the evidence presented to the district court established that its products do not qualify as securities. Alternatively, Life Partners insists that its products are exempt from regulation under the Securities Act because they are contracts relating to insurance policies. *See id.* In addition, Life Partners contends that a contrary ruling by the district court would have been inconsistent with prior state and federal cases. Specifically, Life Partners refers to *SEC v. Life Partners, Inc.*, 87 F.3d 536 (D.C. Cir. 1996), and *Griffitts v. Life Partners, Inc.*, No. 10-01-00271-CV, 2004 Tex. App. LEXIS 4844 (Tex. App.—Waco May 26, 2004, no pet.) (mem. op.). Relatedly, Life Partners insists that a contrary ruling would also have violated the Full Faith and Credit Clause because the court in *SEC v. Life Partners, Inc.* had previously determined that the products offered by Life Partners were not securities. In addition, Life Partners urges that a ruling inconsistent with the cases mentioned above would have resulted in a deprivation of its property rights without due process of law because it has entered into thousands of contracts based on the holdings of those cases.

Recently, the Dallas Court of Appeals was asked to determine whether the life settlements offered by Life Partners were securities. *See Arnold v. Life Partners, Inc.*, No. 05-12-00092-CV, 2013 Tex. App. LEXIS 10928 (Tex. App.—Dallas Aug. 28, 2013, no pet. h.). In that

case, Life Partners also argued that the issue had been settled by the cases listed above, but the court determined that "neither the D.C. Circuit nor the Waco Court of Appeals is binding authority on this court." *Id.* at *17. Moreover, the court discussed how many courts from other states have determined that these types of products constitute securities and that more recent federal cases have disagreed with the holding in *SEC v. Life Partners, Inc. Id.* at *18 n.3, 20. After summarizing relevant case law, the court determined that the products offered by Life Partners are "investment contracts" and, therefore, "meet the definition of 'security.'" *Id.* at *27 (quoting Tex. Rev. Civ. Stat. art. 581-4(A)).

In addition, the court also disagreed with Life Partners' suggestion that the products were excluded from regulation under the Securities Act provision that explains that the Act does not apply to insurance policies or any contracts relating to insurance policies "'issued by an insurance company subject to the supervision or control of the Board of Insurance Commissioners when the form of such policy or contract has been duly filed with the Board as now or hereafter required by law.'" *Id.* at *27-28 (quoting Tex. Rev. Civ. Stat. art. 581-4(A)). Essentially, the court concluded that the exclusion did not apply because Life Partners is not "subject to the supervision or control of the Board of Insurance Commissioners." *Id.* at *28; *see also Employers Reinsurance Corp. v. Threlkeld & Co. Ins. Agency*, 152 S.W.3d 595, 599 (Tex. App.—Tyler 2003, pet. denied) (stating that selling products is not part of insurance business).

We agree with the conclusions reached by the Dallas Court and fully incorporate its analysis. Accordingly, we conclude that the life settlements offered by Life Partners are investment contracts and, therefore, qualify as securities subject to regulation under the Securities Act. Regarding Life Partners' assertions that a conclusion that its products are securities would violate

3

its due process rights and is contrary to the Full Faith and Credit Clause, we have been unable to find any legal support for either of those propositions. This case considers whether Life Partners' business practices constitute the sale of securities under Texas law, and no binding determination on that matter has previously been made.

For all of these reasons, we sustain the State's first issue on appeal. Accordingly, we reverse the judgment of the district court and remand this case for further proceedings consistent with this opinion.

_____

David Puryear, Justice

Before Justices Puryear, Rose, and Goodwin

Reversed and Remanded

Filed: February 6, 2014